IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHEERS MATE COCONUT POINT, LLC,
and PURPLE SQUARE MANAGEMENT
COMPANY, LLC,

          Plaintiffs,

v.

MICHAEL JARED BUSS, JARED E.
BUSS, and MEAGAN BUSS,

          Defendants.

CIVIL ACTION FILE
NO. _____

Jury Trial Demanded

## **VERIFIED COMPLAINT**

COME NOW, Plaintiffs Cheers Mate Coconut Point, LLC ("Cheers Mate")

and Purple Square Management Company, LLC ("Purple Square") and assert their

claims against Defendants Michael Jared Buss ("Michael Buss"), Jared E. Buss

("Jared Buss"), and Meagan Buss, respectfully stating the following:

## SYNOPSIS OF THE CASE

This action involves loss and damages suffered by Plaintiffs as a result of

Defendants' liability for breaches of a lease agreement assigned by Plaintiff Cheers

Mate to BUSS PIT III, INC. ("Buss Pit") for purposes of Buss Pit's operation of a

bar/restaurant.  In connection with this lease and assignment, Defendants agreed and

obligated themselves to indemnify Plaintiffs by executing certain written agreements

related to same.  Plaintiffs bring this civil action against the Defendants, asserting

causes of action for contractual indemnification, enforcement of guaranty, contribution, statutory recoupment and subrogation, and attorneys' fees and expenses of litigation. Plaintiffs demand damages of not less than $256,000.00, together with attorneys' fees and expenses, costs, interest, and/or any other sums properly owed to Plaintiffs.

<u>PARTIES, JURISDICTION AND VENUE</u>

1.

Plaintiff Cheers Mate is a Florida limited liability company with its principal place of business located at 3030 N. Rocky Point Drive W, Suite 262, Tampa, Florida 33607.

2.

Plaintiff Purple Square is a Florida limited liability company with its principal place of business located at 3030 N. Rocky Point Drive W, Suite 262, Tampa, Florida 33607.

3.

Defendant Michael Buss is a resident of the state of Georgia and may be served with process at his residence located at 100 Devonshire Court, Forsyth, Monroe County, Georgia 31029.

4.

Defendant Jared Buss is a resident of the state of Georgia and may be served with process at his residence located at 116 Crescent Drive, Forsyth, Monroe County, Georgia 31029.

5.

Defendant Meagan Buss is a resident of the state of Georgia and may be served with process at her residence located at 100 Devonshire Court, Forsyth, Monroe County, Georgia 31029.

6.

Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction because complete diversity of citizenship exists between Plaintiffs and Defendants and the principal amount in controversy herein exceeds $75,000.00 exclusive of interest and costs.

7.

Venue is appropriate in this Court pursuant to Ga. Const. Art. VI § II, Para. VI, 28 U.S.C. § 1391, and Middle District of Georgia Local Rule 3.4.

FACTUAL BACKGROUND

8.

On or about September 5, 2014, Coconut Point Town Center, LLC ("Landlord") and Cheers Mate entered a written Lease Agreement for retail space identified as "Room K07A" ("Lease") specifically located at 23111 Fashion Dr,

Suite 105, Estero, FL 33928 ("Premises") for a term of 10 years, with its expiration set for December 31, 2024 ("Term").   A true and correct copy of the Lease is attached hereto as **<u>Exhibit A</u>**.

9.

In connection with the Lease, Purple Square executed a document titled "GUARANTY NO. 2" pursuant to which it guaranteed all obligations of Cheers Mate under the Lease beginning in the sixth (6th) year of the Lease Term ("Guaranty No. 2").  A true and correct copy of Guaranty No. 2 is attached hereto as **<u>Exhibit B</u>**.

10.

On or about March 20, 2019, Cheers Mate and Buss Pit executed and ultimately closed an Offer to Purchase agreement whereby Buss Pit agreed to purchase certain assets and lease rights and obligations of Cheers Mate's business, known as The Brass Tap Craft Beer Bar ("Purchase Agreement").  A true and correct copy of the Purchase Agreement is attached hereto as **<u>Exhibit C</u>**.   Among other things, the Purchase Agreement provides that Cheers Mate and Buss Pit "agree to indemnify, defend, and hold each other harmless from and against any and all costs, damages and expenses, including attorney's fees, resulting, directly or indirectly, from any such claim arising out of the actions of, or contact with [Cheers Mate] or [Buss Pit] as the case may be," which obligation shall survive the termination or consummation of the Purchase Agreement.  Ex. C at 3.

11.

On or about May 16, 2019, Landlord, Cheers Mate and Buss Pit entered a written Assignment and Amendment of Lease ("Assignment"), pursuant to which Buss Pit expressly assumed and agreed to pay all rent and other charges ("Rent") and perform all other terms, covenants, and conditions of Tenant under the Lease for the remainder of the Lease Term, in the same manner as if Buss Pit originally had been designated as Tenant under the Lease.   A true and correct copy of the Assignment is attached hereto as **Exhibit D**.

12.

As required under the Assignment, Defendants and Barbara C. Buss (collectively, "Buss Guarantors") contemporaneously executed a written Guaranty with Landlord ("Buss Guaranty") pursuant to which the Buss Guarantors guaranteed the full and prompt payment of all Rent due under the Lease, as well as other "Liabilities" defined within the Buss Guaranty (Buss Pit and the Buss Guarantors are hereinafter collectively referred to as the "Buss Parties").   A true and correct copy of the Buss Guaranty is attached hereto as **Exhibit E**.

13.

In connection with the execution of the Assignment, Purple Square contemporaneously executed an Amended and Restated Guaranty with Landlord (together with Guaranty No. 2, the "Purple Square Guaranty") pursuant to which it

guaranteed the full and prompt payment of certain Rent due under the Lease as well as certain other "Liabilities" defined within the Purple Square Guaranty – specifically, beginning in the sixth (6th) year of the Lease Term.  A true and correct copy of the Amended and Restated Guaranty is attached hereto as **Exhibit F**.

14.

Cheers Mate, Purple Square, and certain non-party guarantors also executed a Supplemental Indemnification Agreement for Continuing Lease Obligations and Guarantees with Buss Pit, Jared Buss, and Michael Buss dated May 11, 2019 ("Supplemental Indemnification Agreement").   A true and correct copy of the Supplemental Indemnification Agreement is attached hereto as **Exhibit G**.

15.

The Supplemental Indemnification Agreement provides, *inter alia*, that Buss Pit, Jared Buss, and Michael Buss "shall jointly and severally indemnify and hold [Purple Square, Cheers Mate, and the non-party guarantors] harmless for and from any and all losses, costs, expenses (including, without limitation, reasonable costs of investigation and defense and reasonable attorneys' fees), claims, damages, obligations, or liability" arising after the closing date of the Assignment, to the extent such damages arise from or in connection with, *e.g.*, the Purple Square Guaranty. Ex. G at 2.

16.

As set forth above, Buss Pit agreed to undertake Plaintiffs' obligations under the Lease pursuant to, *e.g.*, the Purchase Agreement and Assignment. Plaintiffs have complied with and fully performed their obligations under each of the above agreements, which agreements are valid, enforceable, and binding express contracts based upon the parties' written words and terms. However, after closing, Buss Pit subsequently breached the Lease (and Purchase Agreement and Assignment) by, among other things, failing to pay Landlord Rent and other sums due and owing under the Lease, and further by vacating and abandoning the Premises before the Term expired. As a consequence of Buss Pit's breaches, Landlord elected to accelerate all amounts remaining due under the Lease in accordance with the provisions of the Lease.

17.

On January 19, 2022, Landlord provided notice of the various breaches of the Lease caused by the Buss Parties to, among others, Plaintiffs and the Buss Parties, and further demanded payment from Plaintiffs and the Buss Parties under the various Guaranty agreements in the amount of $589,531.04, and advised that litigation would be pursued if payment was not timely made ("Landlord's Demand"). A true and correct copy of Landlord's Demand is attached hereto as **Exhibit H.**

18.

On or about May 6, 2022, Landlord instituted an action for damages against Cheers Mate, Purple Square, Buss Pit, and Michael Buss, Jared Buss, and Meagan Buss captioned *Coconut Point Town Center, LLC v. Cheers Mate Coconut Point, LLC et. al.,* Case No. 22-CA-001932, 20th Judicial Circuit Court in and for Lee County, Florida (the "Litigation").   A true and correct copy of the Complaint initiating the Litigation is attached hereto as **Exhibit I.**   Thus, as a further consequence of Buss Pit's breaches, Plaintiffs were sued and assumed part of Buss Pit's (and Defendants') liability on the Lease pursuant to the Purple Square Guaranty.

19.

Thereafter, on or about June 13, 2022, counsel for Plaintiffs sent a Demand Letter to Buss Pit, Jared Buss, and Michael Buss ("Plaintiffs' Demand") in which Plaintiffs advised Buss Pit, Jared Buss, and Michael Buss of their obligations to indemnify Plaintiffs for any losses sustained as a result of Buss Pit's breaches of the Lease, demanded indemnification with respect to the Litigation, and notified the Buss Parties that legal proceedings would ensue otherwise.   A true and correct copy of Plaintiffs' Demand is attached hereto as **Exhibit J.**

20.

To avoid continued legal expenses and resolve the disputed claims among them, Landlord, Cheers Mate, and Purple Square reached a mutually agreeable

confidential settlement with respect to the Litigation and executed a Confidential Settlement Agreement dated December 21, 2022 memorializing same ("Settlement Agreement").  Among other terms, (i) Cheers Mate and Purple Square agreed to pay $256,000.00 to Landlord settle the claims brought against them in the Litigation ("Settlement Sum"); and (ii) Landlord assigned all claims, rights, or causes of action that Landlord may have as against each of the Buss Guarantors pursuant to the Buss Guaranty to the extent of the Settlement Sum amount paid to Landlord by Purple Square (without impairing Landlord's rights to pursue collection of remaining obligations under the Lease beyond the Settlement Sum from the Buss Parties).

<u>COUNT I</u>
(Contractual Indemnification – Supplemental Indemnification Agreement)

21.

Plaintiffs incorporate the allegations of Paragraphs 1 through 20 hereinabove as if the same were fully alleged hereafter.

22.

Defendants Jared Buss and Michael Buss, along with Buss Pit, agreed and entered into the Supplemental Indemnification Agreement with Plaintiffs.  Buss Pit also entered into the Purchase Agreement with Plaintiffs.   The Supplemental Indemnification Agreement and Purchase Agreement are valid, enforceable, and binding express contracts based upon the parties' written words and terms.

23.

The Supplemental Indemnification Agreement provides, *inter alia*, that Buss Pit, Jared Buss, and Michael Buss "shall jointly and severally indemnify and hold [Purple Square, Cheers Mate, and others] harmless for and from any and all losses, costs, expenses (including, without limitation, reasonable costs of investigation and defense and reasonable attorneys' fees), claims, damages, obligations, or liability" arising after the closing date of the Assignment, to the extent such damages arise from or in connection with the Purple Square Guaranty.  Ex. G at 2.

24.

In addition, the Purchase Agreement states, *e.g.*, that Cheers Mate and Buss Pit "agree to indemnify, defend, and hold each other harmless from and against any and all costs, damages and expenses, including attorney's fees, resulting, directly or indirectly, from any such claim arising out of the actions of, or contact with [Cheers Mate] or [Buss Pit] as the case may be," which indemnity shall survive the termination or consummation of the Purchase Agreement.  Ex. C at 3.

25.

Plaintiffs have complied with and fully performed their obligations under the Supplemental Indemnification Agreement and Purchase Agreement and delivered their consideration to Defendants' and Buss Pit's material benefit and remuneration,

which performance Defendants and Buss Pit have accepted.  None of Defendants'
or Buss Pit's breaches have been excused or waived.

26.

Pursuant to the Supplemental Indemnification Agreement and Purchase
Agreement, Jared Buss, Michael Buss, and Buss Pit agreed to indemnify Plaintiffs
for damages and losses sustained by Plaintiffs as a result of Buss Pit's breaches of
the Lease.  Plaintiffs have incurred damages in the form of, among other things,
payment of the Settlement Sum to Landlord for damages due to Buss Pit's and
Defendants' breaches of and obligations pursuant to the Lease, and Landlord's
enforcement of the Purple Square Guaranty.  Plaintiffs therefore are entitled to
recover such damages and losses from Defendants Jared Buss and Michael Buss.

27.

 Defendants Jared Buss and Michael Buss owe Plaintiffs indemnification in
the form of damages in such amounts as shall be hereafter determined and proven
but in no event less than $256,000.00, together with any contractual charges and
interest accruing thereon.

## COUNT II
(Enforcement of Buss Guaranty)

28.

Plaintiffs incorporate the allegations of Paragraphs 1 through 27 hereinabove
as if the same were fully alleged hereafter.

29.

As a result of the assignment set forth in the Settlement Agreement, Plaintiffs are entitled to assert the Landlord's claims against the Buss Guarantors for amounts owed under the Lease due to Buss Pit's breach of the Lease to the extent such amounts are paid by Plaintiffs.

30.

Defendants agreed and entered into the Buss Guaranty with Landlord, which agreement is a valid, enforceable, and binding express contract based upon Defendants' and Landlord's written words and terms.

31.

The Buss Guaranty provides, *inter alia*, that the Buss Guarantors guaranteed the full and prompt payment of all Rent due under the Lease, as well as other "Liabilities" defined within the Buss Guaranty.

32.

After Buss Pit executed the Assignment and assumed the responsibilities of the Lease, it subsequently breached the Lease by, among other things, failing to pay Rent and other sums owed and vacating and abandoning the Premises before the expiration of the Lease Term.

33.

Pursuant to the Buss Guaranty, Defendants thus are liable to Landlord for all amounts owed by Buss Pit under the Lease

34.

As partial consideration for the Settlement Agreement, Landlord assigned all claims, rights, or causes of action that Landlord may have as against each of the Buss Guarantors pursuant to the Buss Guaranty to the extent of the Settlement Sum amount (without impairing Landlord's rights to pursue collection of remaining obligations under the Lease beyond the Settlement Sum from the Buss Parties).

35.

Defendants have failed to pay to Plaintiffs any sums that they are required to pay under the Buss Guaranty as a result of the assignment from Landlord pursuant to the Settlement Agreement.

36.

Pursuant to the Buss Guaranty and Landlord's assignment of its claims to Plaintiffs, Defendants owe Plaintiffs indemnification in the amount of $256,000.00, together with any contractual charges and interest accruing thereon.

<u>COUNT III</u>
(Contribution – O.C.G.A. § 23-2-71)

37.

Plaintiffs incorporate the allegations of Paragraphs 1 through 20 hereinabove

as if said allegations were fully set forth herein.

38.

Plaintiffs plead this claim in the alternative to their contract-based claims set forth in Counts I and II.

39.

Buss Pit's breaches, Defendants' liability, and the resulting Litigation exposed Plaintiffs to liability and harm, including without limitation, Plaintiffs' payment of the Settlement Sum.

40.

Under the written agreements among Plaintiffs, Defendants, Buss Pit, and Landlord, including without limitation the Lease, Purchase Agreement, Assignment, Supplemental Indemnification Agreement, and various Guaranty agreements, Plaintiffs and Defendants are jointly and severally liable to Landlord for certain damages arising from Defendants' guaranty and Buss Pit's breaches of the Lease, which damages include the Settlement Sum.

41.

Plaintiffs and Defendants are equally bound to bear the common burden of such damages under O.C.G.A. § 23-2-71.  Because Plaintiffs have been forced to, among other things, pay the entire Settlement Sum, Defendants have not paid their full share of the damages set forth above.

42.

Furthermore, Plaintiffs and Defendants received unequal benefits from their common obligation to Landlord. By virtue of the Assignment, Plaintiffs assigned to and Buss Pit and Defendants assumed the rights and obligations under the Lease. When Buss Pit breached the Lease and exposed Plaintiffs to liability under the Purple Square Guaranty (the common obligation to Landlord along with the Buss Guaranty), Plaintiffs were receiving no benefit from the then-ongoing Lease arrangement. The Lease solely benefitted Defendants and Buss Pit.

43.

In addition, Landlord assigned to Plaintiffs all claims, rights, or causes of action that Landlord may have as against each of the Buss Guarantors pursuant to the Buss Guaranty to the extent of the Settlement Sum amount (without impairing Landlord's rights to pursue collection of remaining obligations under the Lease beyond the Settlement Sum from the Buss Parties).

44.

Accordingly, Defendants are responsible for all damages incurred by Plaintiffs as a result of the common obligation to Landlord, including without limitation the Settlement Sum. By paying the Settlement Sum, Plaintiffs paid more than their share. Plaintiffs are thus entitled to contribution from Defendants in such

amounts as shall be hereafter determined and proven but in no event less than $256,000.00.

## COUNT IV
(Statutory Recoupment and Subrogation – O.C.G.A. § 10-7-41 *et seq.*)

45.

Plaintiffs incorporate the allegations of Paragraphs 1 through 44 hereinabove as if the same were fully alleged hereafter.

46.

Under the agreements related to the Lease and Assignment, including without limitation the Buss Guaranty and Purple Square Guaranty, Plaintiffs and Defendants were both obligated to Landlord for certain amounts, specifically the amount of the Settlement Sum paid by Plaintiffs. By paying the Settlement Sum, Plaintiffs paid more than their equal and proper share.

47.

Purple Square and/or Cheers Mate acted as a surety to Landlord, to Defendants' and Buss Pit's benefit, with respect to past due debts belonging to Defendants and arising under or in connection with the Assignment and Purple Square Guaranty, among other things. Purple Square and/or Cheers Mate have made payment on such debts, which arose due to Buss Pit's default and breaches and Defendants' liability under the guarantees and agreements at issue.

48.

Furthermore, pursuant to, *e.g.*, O.C.G.A. § 10-7-56, Purple Square and/or Cheers Mate are entitled to be subrogated, both at law and in equity, to the rights of Landlord to the extent of the Settlement Sum.  Plaintiffs paid the Settlement Sum as a result of the purple Square Guaranty, which payment was triggered by Buss Pit's breaches of the Lease that it executed and Defendants' liability for same.  Plaintiffs were subject to the Litigation as a result of such breaches and liability, and paid the Settlement Sum due to same.

49.

Accordingly, Defendants are responsible for damages incurred by Plaintiffs as a result of, among other things, Buss Pit's breaches of the lease, Defendants' obligations related to the Lease and Assignment, the Litigation, and Plaintiffs' subsequent liability under the Purple Square Guaranty and rights under the Buss Guaranty.  Plaintiffs are entitled to indemnification in such amounts as shall be hereafter determined and proven but in no event less than $256,000.00.

<u>COUNT V</u>
(Attorneys' Fees and Expenses of Litigation)

50.

Plaintiffs incorporates the allegations of Paragraphs 1 through 49 hereinabove as if the same were fully alleged hereafter.

51.

In the Supplemental Indemnification Agreement, Defendants Jared Buss and Michael Buss agreed to indemnify Plaintiffs for expenses, including without limitation "reasonable costs of investigation and defense and reasonable attorneys' fees."  In the Buss Guaranty (under which certain rights were assigned to Plaintiffs by Landlord) provides that the Buss Parties agree to pay "all expenses, including attorneys' fees and legal expenses, paid or incurred" in connection with, among other things, enforcing the Buss Guaranty.

52.

Defendants have forced Plaintiffs to incur attorneys' fees and expenses of litigation in connection with enforcing and exercising its rights under the Supplemental Indemnification Agreement, Assignment, Buss Guaranty, and other written instruments arising from or related to the Lease.  Defendants are responsible for such damages, fees, and expenses incurred by Plaintiffs in such amounts as shall be hereafter determined and proven.

**WHEREFORE,** Plaintiffs pray:

(A)   That as to Count I, Contractual Indemnification, the Court award Plaintiffs a judgment against Defendants Michael Buss and Jared Buss for damages in such sums as shall be hereafter proven (but not less than $256,000.00) together

with any contractual charges and interest thereon, attorneys' fees and expenses of litigation, and costs;

(B)    That as to Count II, Enforcement of Buss Guaranty, the Court award Plaintiffs a judgment against Defendants for damages in the amount of $256,000.00, together with any contractual charges and interest thereon, attorneys' fees and expenses of litigation, and costs;

(C)    That as to Count III, Contribution (O.C.G.A. § 23-2-71), the Court award Plaintiffs a judgment against Defendants for damages in such sums as shall be hereafter proven (but not less than $256,000.00);

(D)    That as to Count IV, Statutory Recoupment and Subrogation (O.C.G.A. § 10-7-41 *et seq.*), the Court award Plaintiffs a judgment against Defendants for damages in such sums as shall be hereafter proven (but not less than $256,000.00);

(E)    That as to Count V, Attorneys' Fees and Expenses of Litigation, the Court award Plaintiffs a judgment against Defendants for amounts in such sums as shall be hereafter proven;

(F)    That the Court issue such other and further relief to Plaintiffs as is just, proper and equitable; and

(G)    That Plaintiffs have a trial by jury upon all issues so triable herein.

Respectfully submitted, this 9th day of February, 2023.

/s/ LeeAnn Jones
LeeAnn Jones
Georgia Bar No. 402440
ljones@taylorenglish.com
Nicholas F. McDaniel
Georgia Bar No. 629771
nmcdaniel@taylorenglish.com

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
Tel:  (770) 434-6868
Facsimile:  (770) 434-7376

Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHEERS MATE COCONUT POINT, LLC,
and PURPLE SQUARE MANAGEMENT
COMPANY, LLC,

                    Plaintiffs,

v.

MICHAEL JARED BUSS, JARED E.
BUSS, and MEAGAN BUSS,

                    Defendants.

CIVIL ACTION FILE
NO. ___5:23-cv-00066___

## **VERIFICATION OF COMPLAINT**

I, Vikalp Patel, do hereby swear and affirm that the facts contained in Plaintiffs' Verified

Complaint are true and correct and based upon my personal knowledge and acquired through my

officials duties with Cheers Mate Coconut Point, LLC and Purple Square Management Company,

LLC.       This __6^TH__ day of February, 2023.

_____
VIKALP PATEL

__MANAGER_____, Cheers Mate of Coconut Point, LLC

__MANAGER_____, Purple Square Management Company, LLC

Subscribed and sworn to before me
this __6th__ day of February, 2023.

_____
Notary Public
My Commission Expires: __03|04|2024__

LAUREN DIMACULANGAN
Notary Public-State of Florida
Commission # GG 958293
My Commission Expires
March 04, 2024

02477801-2